# Order

Michigan Supreme Court
Lansing, Michigan

March 4, 2011

141777

AMANDA SCHREUR,
      Plaintiff-Appellant,

v

DEPARTMENT OF HUMAN SERVICES,
      Defendant-Appellee.

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141777
COA: 285792
Bay CC: 07-003605-AA

_____/

On order of the Court, the application for leave to appeal the June 22, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we AFFIRM the result reached by the Court of Appeals, but VACATE that portion of the Court of Appeals judgment that holds that "because [plaintiff] was an *applicant* for benefits, not a *recipient* of benefits, [defendant] was not required to cite the specific provision supporting its denial." Pursuant to 42 CFR 435.912, defendant was required to cite the specific provision supporting its denial. However, defendant's failure to cite the correct regulations on which its denial of benefits was based did not accord plaintiff the right to file her hearing request 368 days after the notice was mailed and 278 days after expiration of the 90-day hearing request period. The notice provided to plaintiff clearly explained why plaintiff was denied benefits, i.e., "because her disability was not 'expected to last for at least 12 consecutive months' and would not prevent her from 'working in any substantial gainful employment,'" and informed her that she had 90 days to request a hearing if she so desired. The fact that the wrong regulations were cited in this notice did not alter plaintiff's obligation, pursuant to 42 CFR 431.221(d), to request a hearing within 90 days. Plaintiff could have simply included an objection to those regulations in her request for a hearing. That is, while defendant's citation to the incorrect regulations may have provided plaintiff with an additional basis upon which to request a hearing, it did not afford plaintiff an indefinite period within which to request such a hearing.

MARILYN KELLY, J. (*dissenting*)

I respectfully dissent from the order affirming the result reached by the Court of Appeals. I would grant leave to appeal.

The underlying facts are that plaintiff, Amanda Schreur, had surgery on her back to remove a tumor. On April 29, 2005, she applied for Medicaid disability benefits, claiming she was unable to work because of lower back pain and weakness. She further claimed that, because of her medical condition, her household lost its only source of income.

The Department of Human Services (DHS) denied her application for disability benefits on June 10, 2005. The denial notice stated that plaintiff was ineligible for Medicaid because her "impairment has not lasted nor is expected to last for at least 12 consecutive months and does not prevent working in any substantial gainful employment." It also stated that a hearing request must be made within 90 days.

Plaintiff submitted a hearing request on June 13, 2006—368 days after the date of the denial notice. Plaintiff claimed that her request was timely because the denial notice was defective. She argued that the notice did not trigger the 90-day period in which to request a hearing because it did not cite specific regulations on which the denial was based. The regulations it did cite were irrelevant to the denial of plaintiff's application.

On December 14, 2006, an administrative hearing was held on the timeliness of plaintiff's hearing request. The hearing referee rejected plaintiff's argument that DHS's failure to cite the correct regulations underlying its decision rendered the notice insufficient or defective. The referee reasoned that, although DHS had to cite the correct regulations in its decision, their omission constituted merely an additional ground on which to request a hearing contesting the decision. It did not "toll" the 90-day period. Accordingly, the referee issued an order dismissing plaintiff's request for a hearing as untimely.

Plaintiff appealed the dismissal to the Bay County Circuit Court, which agreed with her and held that her claim had been timely. It opined that the 90-day period "begins at the point when timely and adequate notice of denial has been provided to the applicant." The court concluded that, because the notice did not conform to the requirements of 42 CFR 431.210 and 42 CFR 431.221, the statutory 90-day period had not begun to run. The court thus reversed the referee's decision and reinstated plaintiff's request for a hearing on the substantive issue of whether she was disabled.

When DHS appealed the reinstatement to the Court of Appeals, it reversed the lower court decision and dismissed plaintiff's request for a hearing as untimely. It distinguished Medicaid applicants from Medicaid recipients and concluded that only recipients were entitled to notice of the specific regulations that support the action.

Plaintiff filed a motion for reconsideration citing 42 CFR 435.912. That provision requires DHS to inform an applicant of the specific regulations supporting its denial. The motion also asserted that the Court of Appeals opinion was erroneous because it was based on the premise that notice of the specific regulations supporting the denial was not essential. The Court of Appeals denied reconsideration on August 9, 2010.

The Court of Appeals opinion is premised on its determination that DHS need not provide plaintiff with the specific regulations supporting its denial of her application. Plaintiff correctly argues that 42 CFR 435.912 requires a citation to the specific regulation.[1] Thus, the notice plaintiff received was deficient. However, because the Court of Appeals did not consider 42 CFR 435.912, it did not consider the effect of the deficiency. It did not resolve, as the circuit court did, whether the 90-day period is triggered only where timely and adequate notice of denial has been provided to the applicant.

This Court's order concludes, without explanation, that "[t]he fact that the wrong regulations were cited in this notice did not alter plaintiff's obligation . . . to request a hearing within 90 days." If the 90-day period runs from the date of a denial of benefits that fails to include the regulations relied on, does the applicant have adequate information to request a hearing? Will a request for a hearing citing only the failure to provide specific regulations result only in a denial that adds the necessary citation of regulations? Can the applicant then seek a hearing based on that denial?

I believe the issue presented in this case is significant enough to warrant full appellate review. This Court's order leaves important questions unanswered. I would grant leave to appeal to give plenary consideration to the application of 42 CFR 435.912 to the facts of this case.

HATHAWAY, J., would grant leave to appeal.

---

[1] 42 CFR 435.912 provides: "The agency must send each applicant a written notice of the agency's decision on his application, and, if eligibility is denied, the reasons for the action, the specific regulation supporting the action, and an explanation of his right to request a hearing."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 4, 2011

d0301

Clerk